# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSHUA LEE HOSKINS, #R54570,** | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:20-cv-01377-SMY |
| | ) |
| **STEVEN MUMBOWER,** | ) |
| **TODD SCHLOTT,** | ) |
| **LIEUTENANT BAKER,** | ) |
| **OFFICER JURKOWSKI,** | ) |
| **G. HALE,** | ) |
| **M. BELL,** | ) |
| **LIEUTENANT PETITJEAN,** | ) |
| **P. PEEK,** | ) |
| **T. VANDEKERKHOVE,** | ) |
| **SERGEANT BRYANT,** | ) |
| **OFFICER RICH,** | ) |
| **SERGEANT WANACK,** | ) |
| **OFFICER CACIOPPO,** | ) |
| **OFFICER TOMSHACK,** | ) |
| **A. RODMAN,** | ) |
| **SERGEANT OLEARY,** | ) |
| **MR. BROWN,** | ) |
| **OFFICER MAYS,** | ) |
| **OFFICER BAILEY,** | ) |
| **OFFICER HAGSTON,** | ) |
| **LIEUTENANT SHIRLEY,** | ) |
| **NURSE PATTERSON,** | ) |
| **OFFICER HANKINS,** | ) |
| **DAVID BROCK,** | ) |
| **SERGEANT BARTOLOTTI,** | ) |
| **J. REID,** | ) |
| **OFFICER LUEKER,** | ) |
| **MAJOR ADAMS,** | ) |
| **SERGEANT SPILLER,** | ) |
| **SERGEANT PORTER,** | ) |
| **DANIEL J. HARRISS,** | ) |
| **MATTHEW JOHNSON, and** | ) |
| **SERGEANT DUDEK,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joshua Hoskins, an inmate of the Illinois Department of Corrections currently incarcerated at Dixon Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center ("Pinckneyville"). This case is now before the Court for preliminary review of the Amended Complaint under 28 U.S.C. § 1915A.[1] Any portion of the Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 16): While at Pinckneyville from October 10, 2020 to December 30, 2020, Plaintiff had encounters with Mumbower, Petitjean, Jurkowski, Lueker, Dudek, Bartolotti, Adams, Baker, Peek, Schlott, Shirley, Rich, Mays, Bailey, Brown, Hagston, Oleary, Hale, Vanderkhove, Wanack, Bell, Hankins, Bryant, Rodman, Patterson, Cacioppo, Tomshack, Brock, Reid, Spiller, Harriss, Porter, and Johnson during which each of them told him to refuse his psychotropic medications and to sign medication refusals. They each threatened him with segregation on false disciplinary charges if he did not do so. Rodman told Plaintiff he would be watching the cameras to make sure Plaintiff was not taking his medication from the nurses. Each of these individuals made these threats in retaliation for Plaintiff's filing of grievances and lawsuits and reporting staff conduct.

Reid and Brown told Plaintiff they had destroyed a number of his grievances to prevent him from receiving his medication and treatment for his mental health issues. Additionally, Brown told other counselors not to log Plaintiff's grievances so that there would be no proof of the filing

---

[1] The original Complaint was stricken for violations of SDIL-LR 5.1(b) and Federal Rule of Civil Procedure 10. (Doc. 13).

of the grievances.  Brown told Plaintiff that the counselors know he has to complete the grievance process or his lawsuits would be dismissed and that is why they are destroying his grievances. They have destroyed all of his grievances since summer of 2020.

Based on the allegations in the Amended Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Mumbower Petitjean, Jurkowski, Lueker, Dudek, Bartolotti, Adams, Baker, Peek, Schlott, Shirley, Rich, Mays, Bailey, Brown, Hagston, Oleary, Hale, Vanderkhove, Wanack, Bell, Hankins, Bryant, Rodman, Patterson, Cacioppo, Tomshack, Brock, Reid, Spiller, Harriss, Porter, and Johnson for interfering with and/or denying Plaintiff mental health treatment.

Count 2: First Amendment retaliation claim against Mumbower Petitjean, Jurkowski, Lueker, Dudek, Bartolotti, Adams, Baker, Peek, Schlott, Shirley, Rich, Mays, Bailey, Brown, Hagston, Oleary, Hale, Vanderkhove, Wanack, Bell, Hankins, Bryant, Rodman, Patterson, Cacioppo, Tomshack, Brock, Reid, Spiller, Harriss, Porter, and Johnson for interfering with and/or denying Plaintiff mental health treatment and threatening him in retaliation for Plaintiff's filing of grievances and lawsuits and reporting staff conduct.

Count 3: First Amendment retaliation claim against Reid and Brown for destroying Plaintiff's grievances in retaliation for Plaintiff's filing of grievances and lawsuits and reporting staff conduct.

Count 4: First and/or Fourteenth Amendment claim against Reid and Brown for denying Plaintiff access to the grievance process and the courts.

Any claim that is mentioned in the Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

## Discussion

### Count 1

The allegations in the Amended Complaint are sufficient to proceed on the deliberate indifference to serious medical needs claim in Count 1 against Mumbower Petitjean, Jurkowski, Lueker, Dudek, Bartolotti, Adams, Baker, Peek, Schlott, Shirley, Rich, Mays, Bailey, Brown, Hagston, Oleary, Hale, Vanderkhove, Wanack, Bell, Hankins, Bryant, Rodman, Patterson, Cacioppo, Tomshack, Brock, Reid, Spiller, Harriss, Porter, and Johnson.

### Counts 2 and 3

The allegations in the Amended Complaint are sufficient to proceed on the retaliation claim in Count 2 against Mumbower Petitjean, Jurkowski, Lueker, Dudek, Bartolotti, Adams, Baker, Peek, Schlott, Shirley, Rich, Mays, Bailey, Brown, Hagston, Oleary, Hale, Vanderkhove, Wanack, Bell, Hankins, Bryant, Rodman, Patterson, Cacioppo, Tomshack, Brock, Reid, Spiller, Harriss, Porter, and Johnson and in Count 3 against Reid and Brown.

### Count 4

Prison grievance procedures are not mandated by the First Amendment. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Further, prison grievance procedures do not create interests protected by the Fourteenth Amendment due process clause. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir.2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996). That said, inmates have the right to petition the government for redress of grievances, which includes access to the courts to present their complaints. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Here, Plaintiff's access to the courts has not been impeded by the alleged actions because the unavailability of administrative remedies is not a bar to potential litigants bringing their claims. *Hill v. Snyder*, 817 F.3d 1037,

1041 (7th Cir. 2016) ("exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance"). For these reasons, Count 4 fails to state a claim and will be dismissed.

### Disposition

The following claims will proceed: Counts 1 and 2 against Mumbower, Petitjean, Jurkowski, Lueker, Dudek, Bartolotti, Adams, Baker, Peek, Schlott, Shirley, Rich, Mays, Bailey, Brown, Hagston, Oleary, Hale, Vanderkhove, Wanack, Bell, Hankins, Bryant, Rodman, Patterson, Cacioppo, Tomshack, Brock, Reid, Spiller, Harriss, Porter, and Johnson; and Count 3 against Reid and Brown. Count 4 is **DISMISSED without prejudice**

The Clerk shall prepare for Mumbower, Petitjean, Jurkowski, Lueker, Dudek, Bartolotti, Adams, Baker, Peek, Schlott, Shirley, Rich, Mays, Bailey, Brown, Hagston, Oleary, Hale, Vanderkhove, Wanack, Bell, Hankins, Bryant, Rodman, Patterson, Cacioppo, Tomshack, Brock, Reid, Spiller, Harriss, Porter, and Johnson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Amended Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

    **IT IS SO ORDERED.**

    **DATED:  June 16, 2021**

    *s/ Staci M. Yandle*
    **STACI M. YANDLE**
    **United States District Judge**

**Notice to Plaintiff**

  The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.