IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA LEE HOSKINS,                      )
                                         )
         Plaintiff,                      )
                                         )
    v.                                   )          Case No. 20-cv-1377-RJD
                                         )
STEVEN MUMBOWER, et al.,                 )
                                         )
         Defendants.                     )
                                         )

## ORDER

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated at Dixon Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983.   He alleged that Defendants violated his First and Eighth Amendment rights of the U.S. Constitution at Pinckneyville Correctional Center from October 10, 2020 through December 30, 2020 (Doc. 18).

Following the Court's threshold review conducted pursuant to 28 U.S.C. 1915A, Plaintiff's case proceeded against 33 defendants.   Thirty-two defendants are employed by the Illinois Department of Corrections ("IDOC").   The remaining defendant (Lori Patterson) is employed by Wexford Health Sources, Inc., a private company that provides healthcare to inmates of the IDOC. Plaintiff alleged that all defendants told him to refuse his psychotropic medications and to sign medication refusals, and that they threatened to make false disciplinary charges against him if he did not comply.   Plaintiff also alleged that the defendants made these threats to Plaintiff as retaliation against him for filing grievances and reporting staff misconduct.   Defendants Reid and Brown allegedly told Plaintiff that "a lot" of his grievances had been destroyed to prevent him

from receiving medications and mental health treatment, and to prevent him from successfully bringing lawsuits.   In the threshold review Orde of Plaintiff''s Amended Complaint, the Court separated Plaintiff's claims as follows:

> Count 1:    Eighth Amendment deliberate indifference claim against all defendants (Mays, Brown, Rodman, Bell, Lueker, Vandekerkhove, Hankins, Hagston, Tomshack, Spiller, Johnson, Porter, Dudek, Cacioppo, Reid, Bailey, Jurkowski, Peek, Brock, Adams, Baker, Wanack, Schlott, Hale, Shirley, O'Leary, Bryant, Mumbower, Rich, Harriss, Bartolotti, Petitjean, and Patterson) for interfering with and/or denying Plaintiff mental health treatment.

> Count 2:    First Amendment retaliation claim against all defendants for interfering with and/or denying Plaintiff mental health treatment and threatening him in retaliation for Plaintiff's filing of grievances and lawsuits and reporting staff conduct.

> Count 3;    First Amendment retaliation claim against Reid and Brown for destroying Plaintiff's grievances in retaliation for Plaintiff's filing of grievances and lawsuits and reporting staff conduct.

Doc. 18.

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.   The parties agreed that Plaintiff did not fully exhaust any grievances against Defendants prior to filing suit on December 30, 2020.   Plaintiff then filed an Amended Complaint on May 27, 2021.   Defendants filed Motions for Summary Judgment on the Issue of Administrative Remedy Exhaustion (Docs. 90, 91, 98, 99).

In his written Response (Doc. 105) to Defendants' Motions, Plaintiff contended that he was fully aware of the exhaustion process and had no reason not to fully exhaust his claims in this matter, but his efforts to exhaust were thwarted because prison staff destroyed or otherwise refused to respond to his grievances.   Plaintiff claimed that because staff at Pinckneyville failed to respond to his grievances, he had no way of fully exhausting those grievances by sending them to the

Administrative Review Board ("ARB").  His counselor during the relevant time was Micah Hallman.  Counselor Hallman would, on occasion, be assigned to other duties and Counselors Reid and Brown would pick up Plaintiff's grievances and destroy them.  Plaintiff then moved to another cell house for a short time and he received responses to grievances that he submitted during that time.  Plaintiff urged the Court to recognize that just because some of his grievances were being processed does not mean the grievance process was available to Plaintiff at all times.

For reasons explained in the undersigned's order granting Defendants' Motions for Summary Judgment, the Court did not find Plaintiff's explanations for why he could not/did not exhaust his administrative remedies to be credible.  The record reflected that Plaintiff filed suit on December 30, 2020 without exhausting his administrative remedies, and therefore summary judgment was granted in favor of the following Defendants:  Mays, Brown, Rodman, Bell, Lueker, Tomshack, Dudek, Cacioppo, Reid, Wanack, Shirley, O'Leary, Bryant, Mumbower, Rich, and Patterson and all claims against them were dismissed without prejudice.    Doc. 124.

However, the remaining defendants had conceded that Plaintiff had sufficiently exhausted administrative remedies against them on Count I, and Defendant Bartolotti also conceded that Plaintiff had sufficiently exhausted administrative remedies against him on Count II.  At the Pavey hearing, counsel for the IDOC Defendants explained that it was their position that Plaintiff was required to have exhausted on or before December 30, 2020 (the date Plaintiff filed suit) but had conceded that Plaintiff's grievances written after December 30, 2020, exhausted Plaintiff's administrative remedies against them in case the Court found that Plaintiff could continue the exhaustion process until May 27, 2021 (the date Plaintiff filed his Amended Complaint).[1]    This

---

[1]  The undersigned found that Plaintiff was required to exhaust his administrative remedies on the day he originally filed suit-December 30, 2020.  Doc. 124, p. 12.  There are certain exceptions that apply to exhaustion of claims in

clarification was not stated in their Motion and therefore the Court did not expect Plaintiff to have been prepared to address it at the *Pavey* hearing.   However, the record reflected that for the same reasons Plaintiff failed to exhaust his administrative remedies against the other Defendants, he did not exhaust his administrative remedies against Bartolotti on Counts I and II, nor against Vandekerkhove, Hankins, Hagston, Spiller, Johnson, Porter, Bailey, Jurkowski, Peek, Brock, Adams, Baker, Schlott, Hale, Petitjean, and Harris on Count 1.   Accordingly, pursuant to Federal Rule of Civil Procedure 56(f) the Court gave Plaintiff 35 days to submit any objections to granting summary judgment in favor of Defendant Bartolotti on Counts I and II and in favor of Vandekerkhove, Hankins, Hagston, Spiller, Johnson, Porter, Bailey, Jurkowski, Peek, Brock, Adams, Baker, Schlott, Hale, Petitjean, and Harris on Count 1.

In his objections (Doc. 127), Plaintiff simply provided the Court with the same explanation that he had previously provided in response (Doc. 105) to Defendants' summary judgment motions: Counselors Reid and Brown destroyed the grievances that he submitted prior to December 30, 2020, and therefore administrative remedies were not available to him.   Plaintiff points the Court to some of his other cases where judges found that he was a credible witness and denied Defendants' summary judgment motions on the issue of exhaustion.    As the undersigned explained in the order on Defendants' summary judgment motion (Doc. 124), Plaintiff's testimony in this case contained too many implausibilities when compared to the other evidence in the record.

Consequently, and for the reasons set forth in the Court's September 12, 2022 Order (Doc. 124) summary judgment is granted in favor of Defendants Vandekerkhove, Hankins, Hagston, Spiller, Johnson, Porter, Bailey, Jurkowski, Peek, Brock, Adams, Baker, Schlott, Hale, Petitjean,

---

amended complaints, but those exceptions were not present here. *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020).

and Harris on Count I and in favor of Defendant Bartolotti on Counts 1 and 2.   Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.[2] The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 21, 2023**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[2] Plaintiff filed a Motion for Status that remains pending at the time this Order is entered. Because this case is now dismissed, the Motion for Status is moot.